1   SAMANTHA C. GRANT (SBN 198130)
    scg@msk.com
2   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
3   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   Attorneys for Defendants
    FRONTIER AIRLINES, INC. and RICHARD
6   APPELL (erroneously sued as Richard Appel)

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  JASON HARDIMAN,                 CASE NO. CV11- 04455 SVW (PJWx)

12            Plaintiff,            (Los Angeles Superior Court Case
                                    No. BC460242)
13        v.

14  FRONTIER AIRLINES, INC., a      DEFENDANTS FRONTIER
    Colorado Corporation; RICHARD   AIRLINES, INC. AND RICHARD
15  APPEL, and individual and DOES 1   APPELL'S NOTICE OF REMOVAL
    through 25, inclusive,          OF CIVIL ACTION TO FEDERAL
16                                  COURT
            Defendants.
17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &   28
Knupp LLP

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2  THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JASON

3  HARDIMAN AND HIS ATTORNEYS OF RECORD:

4

5    PLEASE TAKE NOTICE THAT on May 24, 2011, defendants Frontier

6  Airlines, Inc. ("Frontier") and Richard Appell (improperly sued as Richard Appel)

7  (hereinafter "Appell") (collectively referred to as "Defendants") did, and hereby

8  do, remove the above-entitled action from the Superior Court of the State of

9  California, for the County of Los Angeles to the United States District Court for

10  the Central District of California.

11    The removal of this action terminates all proceedings in the Superior Court

12  of California for the County of Los Angeles.  *See* 28 U.S.C. § 1446(d).

13    Defendants remove this action to United States District Court, pursuant to

14  28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

15    1.    On April 22, 2011, Plaintiff Jason Hardiman ("Plaintiff " or

16  "Hardiman"), filed a complaint entitled *Jason Hardiman v. Frontier Airlines, Inc.,*

17  *a Colorado Corporation, Richard Appel, an individual and DOES 1 through 25,*

18  *inclusive* in the Superior Court of California for the County of Los Angeles bearing

19  case no. BC460242 (the "Complaint").

20    2.    On April 26, 2011, the Complaint and summons were served on

21  Frontier and were the first pleadings served on Frontier in this action.  A copy of

22  the Summons, Complaint, and Civil Coversheet are attached hereto as Exhibit A.

23    3.    On May 23, 2011, Defendants filed an answer to the Complaint in

24  State Court.  A conformed copy of the answer is attached hereto as Exhibit B.

25    4.    **All Named Defendants Join in Removal:**  Frontier and Appell

26  jointly file this Notice of Removal.  There are no defendants named in the

27  Complaint other than Frontier and Appell so there are no other parties to join in

28  this Notice of Removal.  *See* 28 U.S.C. Section 1441(a).

Mitchell
Silberberg &
Knupp LLP
3827281.1

1      5.      **Copies of all Process, Pleadings and Orders:**  The Complaint,

2  Summons, and Civil Cover Sheet (Exhibit A) and the Answer (Exhibit B)

3  constitute all process, pleadings and orders in this action within the meaning of

4  28 U.S.C. § 1446(a).

5      6.      **Removal is Timely:**  This Notice of Removal is being filed within

6  thirty (30) days after first receipt (April 26, 2011) by any defendant of the

7  Complaint and, therefore, it is timely filed pursuant to 28 U.S.C. § 1446(b).

8      7.      **Proper Venue:**  The Central District of California is the District

9  Court of the United States for the District within which said Superior Court of

10  California for the County of Los Angeles Case Number is pending.

11                      **DIVERSITY JURISDICTION**

12      8.      This action is removable to the United States District Court under

13  diversity jurisdiction, 28 U.S.C. §§ 1441(a) and 1332.  There is complete diversity

14  between the sole named Plaintiff and the named Defendants and the amount in

15  controversy with respect to Plaintiff exceeds $75,000.00, exclusive of costs and

16  interest.

17      9.      Upon information and belief, at the time of the commencement of this

18  action and continuing through the present, Plaintiff was and is a citizen of the State

19  of California.  *See* Complaint, ¶ 1.

20      10.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be

21  a citizen of any State by which it has been incorporated and of the State where it

22  has its principal place of business."  Frontier is incorporated in the state of

23  Colorado and, at all relevant times, has had its headquarters in the state of Indiana.

24      11.    Appell is a citizen of the State of Texas.  *See* Affidavit of Richard

25  Appell, a copy of which is attached hereto as Exhibit C and incorporated herein by

26  reference as though fully set forth.

27      12.    Therefore, Plaintiff and Defendants are citizens of different states.

28

Mitchell
Silberberg &
Knupp LLP

3827281.1

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    13.    The fictitiously defendants named in the Complaint as DOES 1-25 are

2    disregarded for the purposes of removal, in accordance with 28 U.S.C. § 1441(a).

3    14.    Without admitting and expressly denying the validity of Plaintiff's

4    causes of action, the amount in controversy is in excess of $75,000.00, exclusive of

5    interest and costs.  Plaintiff earned approximately $12,000 per year at the time of

6    the termination of his employment by Frontier Airlines and is seeking

7    approximately $25,000 in lost wages, $900,000 in lost flight benefits, not less than

8    $50,000 for alleged emotional injuries and damage to reputation, and other

9    exemplary and punitive damages, from the termination of his employment over

10   two and a half (2 ½) years ago.  *See* demand letter from Plaintiff's former counsel

11   dated October 28, 2008, a copy of which is attached hereto as Exhibit D and

12   incorporated herein by reference as though fully set forth.  Therefore, in this

13   lawsuit, Plaintiff ultimately seeks an unspecified monetary amount for general and

14   special damages, punitive damages and attorneys' fees, which amount is well in

15   excess of $75,000.00.  *See* Complaint, ¶¶ 19, 20, 27, 28, 35, 36, 37, 40 and 41; *see*

16   *also* WHEREFORE statement on page 9 of the Complaint.

17   WHEREFORE, Defendants hereby remove the above civil action from the

18   Superior Court of the State of California for the County of Los Angeles to this

19   Court.

20

21   DATED:  May 24, 2011          SAMANTHA C. GRANT
                                   MITCHELL SILBERBERG & KNUPP LLP
22

23                                 By: *Samantha C. Grant*
24                                    Samantha C. Grant
                                      Attorneys for Defendants
25                                    FRONTIER AIRLINES, INC. and
                                      RICHARD APPELL
26

27

28

Mitchell
Silberberg &
Knupp LLP

3827281.1

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

**EXHIBIT A**

04/21/2011  11:12    3102150265                    LAW OFFICE                          PAGE   02/11

1  Michael J. Curls (SBN 159661)
   Nichelle D. Jones (SBN 186308)
2  LAW OFFICE OF MICHAEL J. CURLS
   4340 Leimert Blvd., Suite 200
3  Los Angeles, CA 90008
   Telephone:  (323) 293-2314
4  Facsimile:  (323) 293-2350

5  Attorneys for Plaintiff JASON HARDIMAN

**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 22 2011

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy.
Shaunya Wesley

6
7            SUPERIOR COURT FOR THE STATE OF CALIFORNIA
             COUNTY OF LOS ANGELES, CENTRAL DISTRICT
8

9  JASON HARDIMAN,                    ) Case No.:        B C 4 6 0 2 4 2
                                      )
10        Plaintiff,                  )
                                      )
11    vs.                             ) PLAINTIFF JASON HARDIMAN'S
12                                    ) COMPLAINT FOR:
13 FRONTIER AIRLINES, INC., a         )    1.  Discrimination and in Violation
   Colorado Corporation, RICHARD      )        of the Fair Employment and
14 APPEL, an individual and DOES 1    )        Housing Act
   through 25, inclusive,             )    2.  Retaliation in Violation of the
15                                    )        Fair Employment and Housing
16        Defendant                   )        Act
                                      )    3.  Harassment in Violation of the
17                                    )        Fair Employment and Housing
                                      )        Act
18                                    )    4.  Wrongful Termination in
                                      )        Violation of Public Policy
19                                    )
                                      ) DEMAND FOR JURY TRIAL
20
                                          **BY FAX**
21      Plaintiff JASON HARDIMAN alleges:

22                          **THE PARTIES**

23    1. At all times relevant herein, Plaintiff JASON HARDIMAN ("Plaintiff") was a

24 resident of the County of Los Angeles.

25    2. The true names and capacities, whether individual, corporate, associate or

26 otherwise of Defendants Does 1 through 25, and each of them, are unknown to

27 Plaintiff at this time, and therefore they are sued by such fictitious names.

28    3. Plaintiff is informed and believes and thereon alleges that the Defendants

herein, and each of them, are in some manner negligent, or otherwise

-1-

113M383056282.tif - 4/21/2011 11:12:25 AM                              COMPLAINT

1  responsible, for directly and proximately causing the injuries and damages
2  hereinafter set forth.

3     4. At all times herein mentioned, the Defendants, and each of them, were
4  principals and/or agents, servants, or employees of said principals; all the acts
5  performed by each of said Defendants as agents, servants or employees were
6  done within the scope of their agency, employment and/or authority of said
7  agency and employment and with the consent of each co-Defendant.

8     5. At all times relevant hereto, Defendant FRONTIER AIRLINES, INC., is a
9  Colorado Corporation qualified to do business in California in the City of Los
10 Angeles.

11    6. RICHARD APPEL ("APPEL") is an individual whose primary residence is in
12 the state of California. Plaintiff alleges on information and belief that APPEL is a
13 manager with FRONTIER AIRLINES, INC.

14    7. The acts committed by APPEL and DOES 1 through 25, and as described
15 in this Complaint were duly authorized and directed by its officers, directors
16 and/or managing agents. In addition, the employers identified herein participated
17 in the acts of its employees and agents as described in this Complaint, and
18 ratified or accepted the benefits of such acts.

19                 **FACTS COMMON TO ALL CAUSES OF ACTION**

20    8. Plaintiff JASON HARDIMAN ("Plaintiff") began working as a customer
21 service agent for FRONTIER AIRLINES, INC. ("FRONTIER") at the Los Angeles
22 International Airport location beginning in or about March, 2004.

23    9. In or about June, 2006, Plaintiff complained to the station manager, Diana
24 Hatfield and then to Human Resources that he was experiencing racially hostile
25 comments and behaviors from his then co-worker, Defendant RICHARD APPEL.
26 Plaintiff had also complained to the previous station manager, George Paulson.
27 Neither Paulson, Hatfield nor the respective Human Resources personnel took
28 any action to stop the harassing conduct.

-2-

1     10.     Despite knowledge of APPEL'S propensity to engage in racially

2 offensive and harassing conduct, APPEL was promoted to supervisor with

3 responsibilities for work assignments, scheduling, attendance, and check in

4 procedures.  Plaintiff began to report to APPEL when he was promoted to

5 supervisor.

6     11.     Once APPEL was promoted to supervise Plaintiff, he began to

7 retaliate against Plaintiff by assigning him disproportionately unfair work

8 assignments, deliberating interfering with Plaintiff's work schedule, and by

9 threatening Plaintiff's employment with FRONTIER.  Eventually, APPEL

10 terminated Plaintiff's employment with FRONTIER.

11     12.     At all times relevant hereto, Plaintiff was performing satisfactory in

12 his position of employment.

### FIRST CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF

### THE FAIR EMPLOYMENT AND HOUSING ACT

### GOVERNMENT CODE § 12940 (a)

### (Against Defendant FRONTIER AIRLINES, INC.)

18     13.     Plaintiff restates and incorporates by this reference as if fully set

19 forth herein paragraphs 1 through 12 of this Complaint.

20     14.     The actions of Defendants, as described in this Complaint, constitute

21 unlawful discrimination on the basis of Plaintiff's race, African American.

22     15.     The discrimination by Defendants created a hostile, intimidating, and

23 oppressive work environment for Plaintiff, whereby the conditions of his

24 employment were adversely altered. Moreover, the discrimination impeded

25 Plaintiff's progress and the enjoyment of his employment with FRONTIER

26 AIRLINES, INC.

27

28

113M383056282.tif - 4/21/2011 11:12:25 AM

COMPLAINT

16.    Defendants knew (or should have known) of the discriminatory work environment and conduct against Plaintiff but did nothing to prevent or stop the discrimination.

17.    Defendants' discrimination as described in this Complaint violates the Fair Employment and Housing Act as promulgated in Government Code § 12940 *et. seq.* and other state and federal statutes which prohibit discrimination in employment, including the California Constitution and the Civil Rights Act as amended.

18.    Plaintiff has exhausted his administrative remedies by timely filing charges of discrimination with the Department of Fair Employment and Housing who has issued to Plaintiff his right to sue letter permitting him to file this lawsuit against Defendants.

19.    As a direct and proximate result of Defendants' discrimination, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.  Such damages include:

a.    loss of salary and other valuable employment benefits;

b.    prejudgment interest and interest on the sum of damages at the legal rate; and

c.    other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by Defendants' conduct.

20.    In addition, Plaintiff is entitled to his attorney's fees in prosecuting this lawsuit, pursuant to Government Code § 12965 (b).

///
///
///

-4-

COMPLAINT

## SECOND CAUSE OF ACTION
### RETALIATION IN VIOLATION OF
### THE FAIR EMPLOYMENT AND HOUSING ACT
### GOVERNMENT CODE § 12940 (a)
### (Against Defendants FRONTIER AIRLINES, INC.)

21.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 20 of this Complaint.

22.    The actions of Defendants, as described in this Complaint, constitute retaliation on the basis of Plaintiff's complaints of Race Discrimination and Harassment.

23.    The retaliation by the Defendants created a hostile, intimidating, and oppressive work environment for Plaintiff, whereby the conditions of his employment are adversely altered.  Moreover, the retaliation impeded Plaintiff's progress and the enjoyment of his employment with FRONTIER.

24.    Defendants knew (or should have known) of the hostile work environment and conduct against Plaintiff but did nothing to prevent or stop the retaliation.

25.    Defendants' retaliation as described in this Complaint violates the Fair Employment and Housing Act as promulgated in Government Code § 12940 *et. seq.* and other state and federal statutes which prohibit retaliation in employment, including the California Constitution and the Civil Rights Act as amended.

26.    Plaintiff has exhausted his administrative remedies by timely filing charges of discrimination with the Department of Fair Employment and Housing who have issued to Plaintiff his right to sue letter permitting him to file this lawsuit against Defendants.

27.    As a direct and proximate result of Defendants' retaliation, Plaintiff has sustained and will continue to suffer damages in an amount within the

-5-

1  jurisdiction of this court, the exact amount to be proven at trial. Such damages
2  include:

3      a.    loss of salary and other valuable employment benefits;

4      b.    prejudgment interest and interest on the sum of damages at
5          the legal rate; and

6      c.    other consequential damages, including damages for shame,
7          humiliation, mental anguish and emotional distress caused by
8          Defendants' conduct.

9     28.    In addition, Plaintiff is entitled to her attorney's fees in prosecuting
10  this lawsuit, pursuant to Government Code § 12965 (b).

11  <u>THIRD CAUSE OF ACTION</u>
12  HARASSMENT IN VIOLATION OF
13  THE FAIR EMPLOYMENT AND HOUSING ACT
14  GOVERNMENT CODE § 12940 (a)
15  (Against All Defendants)

16     29.    Plaintiff restates and incorporates by this reference as if fully set
17  forth herein paragraphs 1 through 28 of this Complaint.

18     30.    The actions of Defendants, as described in this Complaint, constitute
19  harassment on the basis of Plaintiff's race and in retaliation for Plaintiff's
20  complaints of Race Discrimination. The harassment included but was not limited
21  to making racially inappropriate comments and jokes, interference with Plaintiff's
22  work schedule and work assignments and eventual termination of Plaintiff.

23     31.    The harassment by the Defendants created a hostile, intimidating,
24  and oppressive work environment for Plaintiff, whereby the conditions of his
25  employment were adversely altered. Moreover, the harassment impeded
26  Plaintiff's progress and the enjoyment of his employment with FRONTIER.

27

28

-8-

113M383056282.tif - 4/21/2011 11:12:25 AM   **COMPLAINT**

EXHIBIT A
PAGE 9

32.     Defendants knew (or should have known) of the hostile work environment and conduct against Plaintiff but did nothing to prevent or stop the harassment.

33.     Defendants' harassment as described in this Complaint violates the Fair Employment and Housing Act as promulgated in Government Code § 12940 et. seq. and other state and federal statutes which prohibit retaliation in employment, including the California Constitution and the Civil Rights Act as amended.

34.     Plaintiff has exhausted his administrative remedies by timely filing charges of discrimination with the Department of Fair Employment and Housing who have issued to Plaintiff his right to sue letters permitting him to file this lawsuit against Defendants.

35.     As a direct and proximate result of Defendants' harassment, Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.  Such damages include:

a.     loss of salary and other valuable employment benefits;

b.     prejudgment interest and interest on the sum of damages at the legal rate; and

c.     other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by Defendants' conduct.

36.     In addition, Plaintiff is entitled to her attorney's fees in prosecuting this lawsuit, pursuant to Government Code § 12965 (b).

37.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression or fraud, or deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as reflected by the

-7-

COMPLAINT
113M383056282.tif - 4/21/2011 11:12:25 AM

1   actions as described earlier in this Complaint, Plaintiff seeks punitive damages
2   against Defendant RICHARD APPEL in order to deter him from such and similar
3   conduct in the future.

### FOURTH CAUSE OF ACTION

4   

5   ### WRONGFUL TERMINATION

6   ### IN VIOLATION OF PUBLIC POLICY

7   **(Plaintiff Against Defendant FRONTIER AIRLINES, INC.)**

8       38.     Plaintiff restates and incorporates by this reference as if fully set
9   forth paragraphs 1 through 37 of this Complaint.

10      39.     Defendants terminated Plaintiff in retaliation for his complaints of
11  racial discrimination and harassment against APPEL. Defendants' termination of
12  Plaintiff's employment violates public policy.  Such public policy is set forth in
13  Government Code § 12940 *et. seq.*, the Civil Rights Act, as amended and the
14  California Constitution, Article I, § 8, which mandates that employees be free
15  from gender based discrimination, harassment and retaliation in the workplace.

16      40.     As a direct and proximate result of Defendant's retaliation, Plaintiff
17  has sustained and will continue to suffer damages in an amount within the
18  jurisdiction of this court, the exact amount to be proven at trial.  Such damages
19  include:

20      a.      loss of salary and other valuable employment benefits;
21      b.      prejudgment interest and interest on the sum of damages at
22              the legal rate; and
23      c.      other consequential damages, including damages for shame,
24              humiliation, mental anguish and emotional distress caused by
25              Defendant's conduct.

26      41.     Further, because the harassing and discriminatory acts were
27  committed by Defendant, including officers, directors and/or managing agents of
28  the company, who acted with malice, oppression or fraud, or were deliberate,

-8-

COMPLAINT

1  willful and acted in conscious disregard of the probability of causing injury to
2  Plaintiff, he seeks punitive damages against FRONTIER in order to deter it from
3  such conduct in the future.

4       **WHEREFORE, PLAINTIFF JASON HARDIMAN PRAYS FOR**
5  **JUDGMENT AGAINST DEFENDANTS AND EACH OF THEM AS FOLLOWS:**

6      A.    For economic damages according to proof;

7      B.    For general, special and incidental damages and amounts for
8          emotional distress according to proof;

9      C.    For punitive damages against Defendant OTILLAAPPEL in an
10         amount appropriate to punish Defendant for her wrongful
11         conduct and set an example for others;

12     D.    For prejudgment interest and interest on the sum of damages
13         awarded to the maximum extent permitted by law;

14     E.    For an injunction against age, gender and race-based
15         harassment, discrimination and retaliation in the future;

16     F.    Creation of a Court supervised policy against age, gender,
17         disability and race-based harassment, discrimination and
18         retaliation;

19     G.    Imposition of periodic reporting requirements on the Company;

20     H.    For reasonable attorneys' fees pursuant to Government Code
21         § 12965 (b);

22 ///
23 ///
24 ///
25
26
27
28

-9-

113M3830S6282.tif - 4/21/2011 11:12:25 AM    COMPLAINT

1    I.    For costs of suit herein incurred; and

2    J.    For such other and further relief as the Court deems proper.

3

4    DATED: April 21, 2011          LAW OFFICE OF MICHAEL J. CURLS

5

6

7                                   By:  Nichelle D. Jones,
8                                   Attorneys for Plaintiff
                                    JASON HARDIMAN
9

10

11       PLAINTIFF JASON HARDIMAN DEMANDS A JURY TRIAL.

12

13   DATED: April 21, 2011          LAW OFFICE OF MICHAEL J. CURLS

14

15

16

17                                  By:  Nichelle D. Jones,
                                    Attorneys for Plaintiff
18                                  JASON HARDIMAN

19

20

21

22

23

24

25

26

27

28

-10-

COMPLAINT
113M383056282.tif - 4/21/2011 11:12:25 AM

04/21/2011   11:10   3102150255                    LAW OFFICE                        PAGE  02/02

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>FRONTIER AIRLINES, INC., A Colorado Corporation RICHARD<br>APPEL, an individual and DOES 1 THROUGH 25, inclusive | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>APR 22 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>BY_____, Deputy<br>Shaunya Wesley |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON HARDIMAN

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court, Central District<br>111 N. Hill Street<br>Los Angeles, CA 90012 | BC 460242 |

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Curls and Nichelle D. Jones LAW OFFICE OF MICHAEL J. CURLS    Telephone No.: (323) 293-2314
4340 Leimert Blvd., Suite 200, Los Angeles, CA 90012                              Fax No.: (323) 293-2350

DATE:          APR 22 2011          Clerk, by _____Shaunya Wesley_____, Deputy
*(Fecha)*                          *(Secretario)*                                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
      *Frontier Airlines, a Colorado corporation*
3. ☑ on behalf of (specify):
      under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use          **SUMMONS**          Code of Civil Procedure §§ 412.20, 465
Judicial Council of California                                        www.courtinfo.ca.gov
SUM-100 [Rev. July 1, 2009]                    LexisNexis® Automated California Judicial Council Forms
                                113M3305S055.01 - 4/21/2011 11:09:20 AM

---

**EXHIBIT A**
**PAGE 14**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number

BC460242

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Pending Assignment | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
                                                                            By _____, Deputy Clerk

EXHIBIT A
PAGE 15

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 05/09)
LASC Approved 10-03

Page 1 of 2

**EXHIBIT A**
**PAGE 16**

04/21/2011  11:16   3182160265                     LAW OFFICE                          PAGE  02/07

                                                                                        CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael J. Curls (159651)
Nichelle D. Jones (186308)
LAW OFFICE OF MICHAEL J. CURLS
4340 Leimert Blvd., Suite 200, Los Angeles, CA 90008
TELEPHONE NO.: (323) 293-2314      FAX NO.: (323) 293-2350
ATTORNEY FOR (Name): Plaintiff JASON HARDIMAN
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

APR 22 2011

John A. Clarke, Executive Officer/Clerk
BY [signature], Deputy
Shaunya Wesley

CASE NAME:
Hardiman v. Frontier Airlines, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 460242 JUDGE: DEPT: |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

BY FAX

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c.[X] punitive
4. Number of causes of action (specify):4
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 21, 2011
Nichelle D. Jones
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A**
**PAGE 17**

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
    Case Matter
  Writ-Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

113M383058897.tif - 4/21/2011 11:14:32 AM

**EXHIBIT A**
**PAGE 18**

04/21/2011   11:15   3102168265                    LAW OFFICE                          PAGE   04/07

| SHORT TITLE: Hardiman v. Frontier Airlines, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**BY FAX**

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7-10  ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

113M383058897.tif - 4/21/2011 11:14:32 AM

04/21/2011  11:16    3102158265                    LAW OFFICE                        PAGE  04/07

| SHORT TITLE: Hardiman v. Frontier Airlines, Inc. | | CASE NUMBER |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 7-10 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4.. 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

## EXHIBIT A
## PAGE 20

| SHORT TITLE: Hardiman v. Frontier Airlines, Inc. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

04/21/2011  11:16   3102160265               LAW OFFICE                        PAGE  06/07

| SHORT TITLE: Hardiman v. Frontier Airlines, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ – Administrative Mandamus<br>☐ A6152  Writ – Mandamus on Limited Court Case Matter<br>☐ A6153  Writ – Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6008  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

113M393058897.tif - 4/21/2011 11:14:32 AM

04/21/2011  11:16     3102158265                    LAW OFFICE                           PAGE  07/07

| SHORT TITLE: Hardiman v. Frontier Airlines, Inc. | CASE NUMBER: |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1 World Way |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: April 21, 2011 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT  B**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

1 │ MITCHELL SILBERBERG & KNUPP LLP
    SAMANTHA C. GRANT (SBN 198130), scg@msk.com

MAY 23 2011

2 │ 11377 West Olympic Boulevard
    Los Angeles, California 90064-1683

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        SHAUNYA WESLEY

3 │ Telephone: (310) 312-2000
    Facsimile: (310) 312-3100

4 │

5 │ Attorneys for Defendants
    FRONTIER AIRLINES, INC. and RICHARD
    APPELL (erroneously sued as, "RICHARD

6 │ APPEL")

7 │

8 │              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 │                   FOR THE COUNTY OF LOS ANGELES

10 │

11 │ JASON HARDIMAN,                        CASE NO. BC 460242

12 │          Plaintiff,                    Assigned for all purposes to:  Honorable Luis
                                            A. Lavin, Dept. 13

13 │      v.                                **ANSWER OF DEFENDANTS FRONTIER**
                                            **AIRLINES, INC. AND RICHARD APPELL**
14 │ FRONTIER AIRLINES, INC., a Colorado    **TO PLAINTIFF JASON HARDIMAN'S**
     Corporation; RICHARD APPEL, and        **UNVERIFIED COMPLAINT**
15 │ individual and DOES 1 through 25, inclusive,

16 │          Defendants.                   Action Filed: April 22, 2011
                                            Trial Date:  Not yet assigned

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │

Mitchell
Silberberg &
Knupp LLP

3822721.1

                              **EXHIBIT B**
                              **PAGE 24**

                 DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

1    Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendants Frontier

2    Airlines, Inc. and Richard Appell (collectively "Defendants"), for themselves alone and for no

3    other defendants, hereby answer the unverified complaint (the "Complaint") of plaintiff Jason

4    Hardiman ("Plaintiff") as follows:

5

6                                **GENERAL DENIAL**

7

8    1.    Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

9    Defendants deny, both generally and specifically, each and every allegation in the Complaint, and

10   specifically deny that Plaintiff has been, is, or will be damaged in the amount alleged, or any

11   manner or sum whatsoever, or is entitled to any recovery or remedy of any type whatsoever, by

12   reason of any acts, conduct, or omissions of Defendants.

13

14                        **SEPARATE AFFIRMATIVE DEFENSES**

15

16   2.    Without waiving or excusing the burden of proof of Plaintiff or admitting that any

17   of the following are in fact defenses upon which Defendants have any burden of proof as opposed

18   to denials of matters as to which Plaintiff has the burden of proof, or that Defendants have any

19   burden of proof at all, Defendants hereby assert the following affirmative defenses:

20

21                        **FIRST AFFIRMATIVE DEFENSE**
                          **(Failure to State a Cause of Action)**

22

23   3.    The Complaint, in whole or in part, fails to state facts sufficient to constitute a

24   cause of action.

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3822721.1

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedies)**

4.      The Complaint is barred, in whole or in part, to the extent that Plaintiff has failed to exhaust his administrative remedies or to comply with the statutory prerequisites to bringing suit contained in the California Fair Employment and Housing Act, California Government Code Sections 12900 et seq.

**THIRD AFFIRMATIVE DEFENSE**
**(Statutes of Limitations)**

5.      To the extent that any of the conduct alleged in the Complaint occurred prior to the limitations period, Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations including, but not limited to, the one-year statute of limitations under the California Government Code sections 12960(d) and 12965(b); the two-year statute of limitations applicable to claims for intentional torts contained in California Code of Civil Procedure ("CCP") section 335.1; the three-year statute of limitations contained in CCP section 338(a); the two-year statue of limitations contained in CCP section 339(1); the one-year statute of limitations contained in CCP section 340(a); and the four-year "catch all" statue of limitations contained in CCP section 343.

**FOURTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

6.      The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**
**(Waiver)**

7.      The Complaint is barred, in whole or in part, by the doctrine of waiver.

Mitchell Silberberg & Knupp LLP
3822721.1

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

8.   The Complaint is barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

9.   The Complaint is barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Plaintiff Failed To Avail Himself Of Internal Remedies)

10.   The Complaint is barred, in whole or in part, to the extent that Plaintiff failed to exhaust his employer's applicable internal complaint processes and/or procedures.

## NINTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

11.   Plaintiff is not entitled to recover damages prayed for in the Complaint on the grounds that any such damages could have been avoided under the doctrine of avoidable consequences.

## TENTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

12.   The Complaint is barred and/or the alleged damages must be reduced, in whole or in part, by the after-acquired evidence of Plaintiff's misconduct that has been, or may be, discovered.

Mitchell
Silberberg &
Knupp LLP
3822721.1

**EXHIBIT B**
**PAGE 27**

3

## ELEVENTH AFFIRMATIVE DEFENSE
### (Consent/Ratification)

13.    The Complaint is barred, in whole or in part, by the doctrine of express consent, implied consent, and/or ratification.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Economic Damages)

14.    Defendants are informed and believe and on that basis allege that Plaintiff has failed to make reasonable efforts to mitigate the alleged damages he claims to have suffered. Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in part, by the extent of (a) the actual mitigation of his economic damages, and (b) any additional mitigation of his economic damages which with reasonable diligence Plaintiff could have accomplished.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Non-Economic Damages)

15.    Defendants are informed and believe and on that basis allege that Plaintiff has failed to make reasonable efforts to mitigate the alleged non-economic damages he claims to have suffered.  Accordingly, the relief, if any, to which Plaintiff is entitled must be diminished, in whole or in part, by the extent of (a) the actual mitigation of his non-economic damages, and (b) any additional mitigation of his non-economic damages which with reasonable diligence Plaintiff could have accomplished.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

16.    Plaintiff has suffered no legally cognizable damages by reason of any of Defendants' acts, conduct, or omissions.

Mitchell
Silberberg &
Knupp LLP
3822721.1

EXHIBIT B
PAGE 28

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

1

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Compensatory Damages)**

2

3        17.    Plaintiff is not entitled to compensatory damages of any kind or in any amount

4    whatsoever.

5

6

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Punitive Damages)**

7

8        18.    The Complaint, and each of the alleged causes of action contained therein, fails to

9    state any basis for recovery of punitive damages because Plaintiff has failed to allege facts

10   sufficient to establish Plaintiff's entitlement to such remedies under California Civil Code Section

11   3294 and/or the alleged cause or causes of action will not support a claim for punitive damages.

12

13

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Punitive Damages Unconstitutional)**

14

15       19.    Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for

16   in the Complaint on the grounds that any award of punitive or exemplary damages under

17   California and/or federal law in general and/or any such award under California and/or federal law

18   as applied to the facts of this specific action would violate Defendants' constitutional rights under

19   provisions of the United States and California Constitutions, including but not limited to the due

20   process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the

21   excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United

22   States Constitution.

23

24

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Unavailability/Failure To Work)**

25

26       20.    The Complaint is barred and/or the alleged damages must be reduced, in whole or

27   in part, because at all relevant times Plaintiff was not ready, willing or able to perform work for

28   his employer.

Mitchell
Silberberg &
Knupp LLP

3822721.1

**EXHIBIT B**
**PAGE 29**

5

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees)

21.     Plaintiff is not entitled to attorneys' fees of any kind or in any amount whatsoever.

## TWENTIETH AFFIRMATIVE DEFENSE
### (ERISA)

22.     Plaintiff is not entitled to recover any compensatory or other monetary damages for any alleged loss of fringe benefits, including medical or retirement benefits, on the ground that the exclusive remedy for such alleged damages is the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Prejudgment Interest)

23.     Any claim for prejudgment interest is barred as to any purported cause of action for which such relief is not available.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Workers' Compensation Exclusive Remedy)

24.     The Complaint is preempted and barred, in whole or in part, by California Labor Code § 3200 et seq.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Workers' Compensation Setoff)

25.     Even if the California Workers' Compensation laws do not provide the exclusive remedy for damages, any civil damages to which Plaintiff is entitled must be offset by any award or settlement received under the Workers' Compensation laws for the same alleged injuries.

Mitchell
Silberberg &
Knupp LLP
3822721.1

EXHIBIT B
PAGE 30

6

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Offset)

26.   If Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendants deny, Defendants are entitled to an offset to the extent that Plaintiff received income from other sources.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Privilege)

27.   The acts and statements of Defendants were privileged, in whole or in part, as a matter of California and/or federal law, including, but not limited to, Article I, Section 2(a) of the California Constitution, and the First and Fourteenth Amendments to the United States Constitution, and therefore cannot give rise to liability herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Right to Privacy)

28.   The conduct, acts and omissions of Defendants as alleged in the Complaint are protected by the constitutional right to privacy under, including, but not limited to, Article I, Section 1 of the California Constitution and the Fourteenth Amendment to the United States Constitution, and, therefore, cannot give rise to liability herein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Breach of Employment Obligations)

29.   The Complaint is barred, in whole or in part, because Plaintiff breached his obligations to his employer.

Mitchell
Silberberg &
Knupp LLP
3822721.1

**EXHIBIT B**
**PAGE 31**

7

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
**(Managerial Immunity)**

30.    The Complaint is barred, in whole or in part, by the doctrine of managerial immunity or privilege.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
**(Good Cause)**

31.    The Complaint is barred, in whole or in part, because any actions taken by Defendants with respect to Plaintiff's employment were based on good cause.

## THIRTIETH AFFIRMATIVE DEFENSE
**(Good Faith)**

32.    The Complaint is barred, in whole or in part, on the ground that all actions of Defendants alleged in the Complaint were undertaken with respect to legitimate business interests, in good faith, and/or in the exercise of proper managerial discretion.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
**(Legitimate, Non-Discriminatory/Non-Retaliatory Reasons)**

33.    The Complaint is barred, in whole or in part, because any actions taken with respect to Plaintiff's employment were based upon legitimate, non-discriminatory and non-retaliatory reasons.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
**(Business Judgment Rule)**

34.    The Complaint is barred, in whole or in part, because any decisions made by Plaintiff's employer with respect to Plaintiff's employment were reasonably based on the facts as it understood them.

Mitchell
Silberberg &
Knupp LLP

3822721.1

EXHIBIT B
PAGE 32

8

35.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated affirmative defenses available, and Defendants reserve the right to assert additional defenses in the event that investigation or discovery indicates that they would be appropriate and/or otherwise to amend this Answer.

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing by reason of the Complaint, and that the Complaint be dismissed with prejudice in its entirety on the merits;

2.     That Defendants be awarded judgment in their favor against Plaintiff;

3.     That Defendants recover their attorneys' fees and costs of suit herein; and

4.     That Defendants be granted such further and other relief as the Court deems just and proper.

DATED: May 23, 2011                    MITCHELL SILBERBERG & KNUPP LLP
                                       SAMANTHA C. GRANT


                                       By: *Samantha C. Grant*
                                       Samantha C. Grant
                                       Attorneys for Defendants
                                       FRONTIER AIRLINES, INC. and
                                       RICHARD APPELL

Mitchell
Silberberg &
Knupp LLP
3822721.1

EXHIBIT B
PAGE 33
9
DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT

## PROOF OF SERVICE

*Hardiman v. Frontier Airlines, Inc., et al.*; LASC Case No. BC 460242

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

    On May 23, 2011, I served a copy of the foregoing document(s) described as **ANSWER OF DEFENDANTS FRONTIER AIRLINES, INC. AND RICHARD APPELL TO PLAINTIFF JASON HARDIMAN'S UNVERIFIED COMPLAINT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Michael J. Curls
Nichelle D. Jones
LAW OFFICE OF MICHAEL J. CURLS
4340 Leimert Boulevard, Suite 200
Los Angeles, California 90008
Telephone: (323) 293-2314
Facsimile: (323) 293-2350

*Attorneys for the Plaintiff Jason Hardiman*

☐ **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☐ **BY OVERNIGHT MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set forth above, and deposited the above-described document(s) with     in the ordinary course of business, by depositing the document(s) in a facility regularly maintained by the carrier or delivering the document(s) to an authorized driver for the carrier.

☐ **BY PERSONAL DELIVERY:** I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by     of the document(s) listed above to the person(s) at the address(es) set forth above.

☒ **BY PLACING FOR COLLECTION AND MAILING:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California 90064-1683 in the ordinary course of business.

☐ **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically at __:__ __.m. on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

☐ **BY FAX:** On _____, at _____ am/pm, from facsimile number (310) _____, before placing the above-described document(s) in sealed envelope(s) addressed as set forth

Mitchell Silberberg & Knupp LLP

3807908.1

**EXHIBIT B**
**PAGE 34**

1

PROOF OF SERVICE

1   above, I sent a copy of the above-described document(s) to each of the individuals set forth above at the facsimile numbers listed above. The transmission was reported as complete and
2   without error. The transmission report was properly issued by the transmitting facsimile machine, and a copy of that report is attached hereto.

3

      I declare under penalty of perjury under the laws of the State of California that the above is
4   true and correct.

5         Executed on May 23, 2011, at Los Angeles, California.

6

7                                     LYRIC JOSEPH-ARMSTRONG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3807908.1

EXHIBIT B
PAGE 35

2

PROOF OF SERVICE

**EXHIBIT C**

SAMANTHA C. GRANT (SBN 198130)
scg@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
FRONTIER AIRLINES, INC. and RICHARD
APPELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HARDIMAN,<br><br>             Plaintiff,<br><br>       v.<br><br>FRONTIER AIRLINES, INC.,<br>RICHARD APPEL, and DOES 1-25,<br>inclusive,<br><br>             Defendants. | CASE NO.<br><br>(Los Angeles Superior Court Case<br>No. BC460242)<br><br>**AFFIDAVIT OF RICHARD APPELL** |

I, RICHARD APPELL, being first duly sworn and under oath, depose and state as follows:

1.      I am a competent adult, over the age of eighteen (18) and have personal knowledge of all matters contained in this Affidavit.

2.      I am the individual defendant in this lawsuit, improperly identified as "Richard Appel." My legal name is Richard Appell.

3.      I am a citizen of the State of Texas, and have been a citizen of the State of Texas since _NOV 1 2008_.

Mitchell
Silberberg &
Knupp LLP

1

EXHIBIT C
PAGE 36

1    FURTHER AFFIANT SAITH NOT.

2    I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE

3    ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND

4

5    ACCURATE.

6

7

8                                          _____
                                           Richard Appell
9

10   STATE OF TEXAS          )

11   COUNTY OF Harris        )  SS:

12

13       Before me, a Notary Public in and for said County and State, personally
     appeared the above-stated person, who, being first duly sworn upon his oath, stated
14   that the facts alleged in the foregoing document are true.

15       Signed and sealed this __16__ day of ___May___, 2011.

16

17   My Commission Expires:        _____
18   05-22-2013                    Notary Public

19   My County of Residence:       EDWARD CAVAZOS
20   Harris                        Printed

21

22                    EDWARD CAVAZOS
23   I/2617866.1      My Commission Expires
                      May 22, 2013

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

                                    EXHIBIT C
                                    PAGE 37
                        2

**EXHIBIT D**

Oct. 29. 2008  8:54AM   LAW OFFICE OF MARVIN KRAKOW                    No. 0224   P. 1

## LAW OFFICE OF MARVIN E. KRAKOW
1801 Century Park East, Suite 1520
Los Angeles, California 90067-2302
Phone (310) 229-0900
Fax (310) 229-0912

## FAX TRANSMISSION

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

| Date: October 29, 2008 | Operator Sending: Clara Lee |
|---|---|

Client/Matter : Hardiman v. Frontier, Inc.
Our File No.  : 73502

Please deliver the following pages to:

Name      : Mr. Sean E. Menke, CEO
Firm      : FRONTIER AIRLINES, INC.
Phone     : 800 265 5505
FAX       : 720 374 4379

From      : Marvin E. Krakow

Total number of pages including cover page:

MESSAGE:

10/29/08 10:02

EXHIBIT D
PAGE 38

# MARVIN E. KRAKOW

LAWYER

1801 Century Park East, Suite 1520
Los Angeles, California 90067-2302
Telephone (310) 229-0900
Writer's ext. 207
Fax (310) 229-0912
marvin@krakowlaw.com

October 29, 2008

*By facsimile*

Sean E. Menke, CEO
Frontier Airlines, Inc.
7001 Tower Road
Denver CO, 80249-7312

Re: Jason Hardiman v. Frontier Airlines, Inc.

Dear Mr. Menke:

This office represents Jason Hardiman. Frontier Airlines terminated Mr. Hardiman, August 9, 2008. He had worked as a customer service representative out of your Los Angeles International Airport location, beginning March 5, 2004. I am writing to inform you of Mr. Hardiman's claims against Frontier Airlines, arising out of that termination. With that in mind, this letter is not intended as a full or complete statement of any legal claims Mr. Hardiman may have. All such claims are expressly reserved and are not waived. This letter is a confidential settlement communication and subject to all applicable privileges and exclusions. I hope that a brief summary of the facts, as I understand them, will make possible a negotiated resolution of Mr. Hardiman's claims.

*Mr. Hardiman' employment at Frontier Airlines.* Mr. Hardiman began full time work for Frontier Airlines March 5, 2004. He later worked part-time and on call. In his customer service representative position he earned approximately $12.00 per hour and about $12,000 per year. He also earned travel benefits of greater value than his dollar wages.

*Race discrimination, harassment and retaliation.* In June 2006, Mr. Hardiman

MARVIN E. KRAKOW

October 28, 2008
page 2

complained to Diana Hatfield, the station manager, and to Margie Stanford in Human
Resources that he was experiencing racially hostile comments and behaviors from a then
co-worker, Richard Appell.  Mr. Hardiman had complained about the hostile behaviors to
his previous station manager, George Paulson, with no effective action being taken.  Mr.
Appell's behavior, specifically reported to Ms. Stanford, included racial comments such
as a "warning" that Mr. Hardiman should "avoid bullets on his way through Compton".
He also referred to bad behavior as "ghetto" behavior.  Both Ms. Stanford and Ms.
Hatfield promised that the inappropriate comments would not recur.

Unfortunately, within the year, Frontier Airlines promoted Mr. Appell to a
supervisor position, with responsibilities for work assignments, scheduling, attendance,
and check in procedures.  Mr. Appell began to retaliate against Mr. Hardiman by
assigning him disproportionately to curbside and baggage service and by threatening to
eliminate his on-call status.  Mr. Hardiman complained of the retaliation to his new
station manager, Phillip Delt, in 2007, and the retaliation temporarily stopped.  Finally,
and most egregiously, Mr. Appell was assigned duties as interim station manager in 2008.
In that capacity, he arranged to eliminate Mr. Hardiman's position.  Although Frontier
Airlines characterized the job elimination as part of a larger reduction in force, the other
employees selected for job elimination were all subject to disciplinary warnings.  Mr.
Hardiman was entitled, by virtue of seniority and by promises from previous supervisors,
to maintain his job and to keep his seniority.  Mr. Hardiman's inclusion in the layoff
group appears to be retaliatory.

*The termination violated California Labor Code § 1102.5.*  California law
prohibits retaliation for objecting to illegal activity.  Labor Code §1102.5.

*The termination violated California Government Code § 12900 et seq.*  The
conduct constitutes illegal race and discrimination and retaliation for objecting to those
behaviors.  California law prohibits terminating an employee on account of his resistance
to illegal employment discrimination.  Government Code §12940(h).

*The termination was in violation of fundamental public policies.*  Termination
based on protests of illegal conduct support a claim for wrongful termination in violation
of public policy. Green v. Ralee Engineering, Co., (1998) 19 Cal. 4th 66.  Further, a

MARVIN E. KRAKOW

October 28, 2008
page 3

discriminatory termination and termination in retaliation for opposition to illegal employment discrimination gives rise to a claim for wrongful termination in violation of public policy. Stevenson v. Superior Court, 16 Cal.4th 880, 895 (1997); Rojo v. Kliger, 52 Cal.3d 65 (1990); Blom v. N.G.K. Spark Plugs (U.S.S.), Inc., 3 Cal. App. 4th 382, 389 (1992) (personnel manager fired after reporting to senior executives the company's discrimination against women and non-Japanese employees). It is sufficient to show that the employee reasonably believed that he was objecting to conduct which violates the Fair Employment and Housing Act. Flait v. North American Watch Corp., (1992) 3 Cal. App. 4th 467, 476; 2 Cal. Code of Regulations § 7287.8(a)(1)(C) (extending protection to practices "an individual reasonably believes to exist and believes to be a violation of the Act").

There are no magic words necessary for an employee to protest unlawful conduct. He must simply make the employer aware of the conduct and the need to correct it.  Holmes v. General Dynamics Corp., (1993) 17 Cal. App. 4th 1418, 1434.

*Damages -- economic.* The termination of Mr. Hardiman' employment has caused substantial economic damage. Economic damages include the amounts he would have made in the absence of the illegal termination. Our best estimate is that Mr. Hardiman's losses will include two years of salary, approximately $25,000. Also, he has lost the lifetime availability of travel benefits, worth at least $20,000 per year. Mr. Hardiman's date of birth is August 15, 1977. We estimate the present value of travel benefits alone, over the next forty five years, at $900,000.

*Damages -- emotional injuries and damage to reputation.* Mr. Hardiman has also suffered and will continue to suffer non-economic damages from the wrongful termination. Non-economic losses include the damage to his reputation, humiliation, and financial stress, as well as the loss of the emotional satisfactions and the opportunities of the job.  The valuation of non-economic damages is ordinarily left to the discretion of a jury.  We believe the non-economic damages should be valued at no less than $50,000.

*Exemplary and punitive damages.* Discrimination, retaliation, and wrongful termination in violation of public policy are intentional wrongs. They interfere with the right to work, an interest which, in California, is protected in our state constitution.  In

# MARVIN E. KRAKOW

October 28, 2008
page 4

addition, to determine the appropriate amount of punitive damages, the jurors will take
into account the nature of the injuries and the potential for injury to others. The United
States Supreme Court recently approved awards of punitive and exemplary damages in an
amount several times greater than the amount of compensatory damages.

*Statutory attorney fees.* The law provides that plaintiffs may recover attorney fees
to prosecute their discrimination claims and wage claims. In this case, attorney fees may
exceed $300,000.

*Requests for documents — personnel files.* This is to request a copy of Mr.
Hardiman's complete personnel files. Please note that, under California Labor Code
§1198.5, this request includes all files and records on which the company relied in
making personnel decisions related to Mr. Hardiman. *See, Wellpoint Health Networks,
Inc. v. Superior Court (McCombs),* 68 Cal.App.4th 844 (1997). Among those documents
you are required to produce are those relating to the terms and conditions of his
employment, as well as the responses to his complaints of harassment and retaliation.

*Requests for documents — covenants and dispute resolution agreements.* If
Frontier Airlines contends that Mr. Hardiman is obligated to comply with the terms of any
writing concerning confidentiality, non-competition, non-solicitation, or proprietary
information, please provide copies of those writings. Also, if the company asserts any
rights to arbitration or any other dispute resolution process, please provide me with copies
of any documents supporting the company's assertions.

*Requests for documents — contractual limitations periods.* Lastly, if Frontier
Airlines contends that Mr. Hardiman is subject to any obligation to bring his claims
within a period of time other than the time limits imposed by statute or regulation, please
advise me. For example, if the company asserts rights to a contractually shortened period
in which to bring claims, please provide a copy of the relevant contract.

*Request to preserve records.* There are numerous records within Frontier
Airlines's custody and control which constitute directly relevant evidence related to the
issues raised in this letter and to potential litigation between the parties. This is to request
that you take effective steps to preserve such evidence, including but not limited to, any c-

MARVIN E. KRAKOW

October 28, 2008
page 5

mail correspondence between Mr. Hardiman and Frontier Airlines, or any of the individuals identified in this letter.

The primary focus of my law practice is the litigation of disputed employment claims. However, Mr. Hardiman asked me to contact you, before filing a lawsuit, to determine whether his claims can be resolved on an amicable, negotiated basis. If Frontier Airlines wishes to consider such an early resolution of Mr. Hardiman's claims, please contact me before the close of business on November 5, 2008. If I do not hear from you in that time, I will assume you have no interest in a negotiated resolution, and I will advise Mr. Hardiman accordingly.

Thank you for your kind attention to this matter.

Very truly yours,

MARVIN E. KRAKOW

MEK\sf
cc: Mr. Jason Hardiman

**PROOF OF SERVICE**

*Hardiman v. Frontier Airlines, Inc., et al.*; LASC Case No. BC 460242

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683 .

     On May 24, 2011, I served a copy of the foregoing document(s) described as **DEFENDANTS FRONTIER AIRLINES, INC. AND RICHARD APPELL'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

Michael J. Curls
Nichelle D. Jones
LAW OFFICE OF MICHAEL J. CURLS
4340 Leimert Boulevard, Suite 200
Los Angeles, California 90008
Telephone: (323) 293-2314
Facsimile: (323) 293-2350

***Attorneys for the Plaintiff Jason Hardiman***

☐ **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☒ **BY OVERNIGHT MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set forth above, and deposited the above-described document(s) with Federal Express in the ordinary course of business, by depositing the document(s) in a facility regularly maintained by the carrier or delivering the document(s) to an authorized driver for the carrier.

☐ **BY PERSONAL DELIVERY:** I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by       of the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **BY PLACING FOR COLLECTION AND MAILING:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, California 90064-1683 in the ordinary course of business.

Mitchell
Silberberg &
Knupp LLP

3838910.1

1

1

☐ **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically at ___:___.m. on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

2

3

☐ **BY FAX:** On _____, at _____ am/pm, from facsimile number (310) _____, before placing the above-described document(s) in sealed envelope(s) addressed as set forth above, I sent a copy of the above-described document(s) to each of the individuals set forth above at the facsimile numbers listed above. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and a copy of that report is attached hereto.

4

5

6

7

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

8

9

Executed on May 24, 2011, at Los Angeles, California.

10

11

LYRIC JOSEPH-ARMSTRONG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3838910.1

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 4455 SVW (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X]  **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ]  **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ]  **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JASON HARDIMAN | FRONTIER AIRLINES, INC. and RICHARD APPELL |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LAW OFFICE OF MICHAEL J. CURLS | MITHCELL SILBERBERG & KNUPP, LLP |
| MICHAEL J. CURLS (SBN 159651) | SAMANTHA C. GRANT (SBN 198130), SCG@MSK.COM |
| NICHELLE D. JONES (SBN 186308) | 11377 WEST OLYMPIC BOULEVARD |
| 4340 LEIMERT BLVD., STE. 200, LOS ANGELES, CA 90008 | LOS ANGELES, CA 90064 |
| TELEPHONE: (323) 293-2314 FACSIMILE: (323) 293-2350 | TELEPHONE: (310) 312-2000  FACSIMILE: (310) 312-3100 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** unspecified, but greater than $75,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Discrimination; (2) Retaliation; (3) Harassment; (4) Wrongful Termination.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

TORTS
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**CV11-04455**

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Frontier Airlines, Inc. is incorporated in Colorado; and Defendant Richard Appell resides in Texas |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Samantha C. Grant_   Date May 24, 2011
                                         Samantha C. Grant

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com